HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LING et al, <br><br> Plaintiff, <br><br> v. <br><br> PROGRESSIVE CASUALTY INSURANCE, <br><br> Defendant. | CASE NO. 3:13-cv-05610 <br><br> ORDER DENYING PLAINTIFFS' MOTION TO PROCEED IN FORMA PAUPERIS <br><br> [Dkt. #1] |

Before the Court is Plaintiff Joseph Ling's application to proceed *in forma pauperis*. (Dkt. #1). For the reasons set forth below, application is **DENIED.**

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis*

complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

While it appears that Plaintiffs may have a claim against the driver who hit them, their proposed federal action against the driver's insurance company lacks merit on its face.

Plaintiffs Joseph Ling, his wife Elizabeth Richins and their three minor children were injured in an automobile accident caused by Michael Neureiter. Mr. Neureiter is insured by Progressive.  Plaintiffs have attempted to sue Progressive for bad faith under RCW 48.30.015, for failing to settle their claims fairly and equitably.

It is well settled in Washington that a third party claimant cannot sue the tortfeasor's insurance company directly for breach of duty of good faith under a liability policy. *Tank v. State Farm Fire & Cas. Co.,* 105 Wash. 2d 381, 391, 715 P.2d 1133, 1139 (1986).  Plaintiffs are third party claimants and have no viable direct claim against Progressive.  Plaintiffs are not "intended beneficiaries" of the policy between Mr. Neureiter and Progressive, and are owed no direct contractual obligation by Progressive. *Id.* at 395.

Furthermore, and in any event, the Plaintiffs' complaint does not properly invoke this Court's jurisdiction.  They suggest that the case raises a "Federal Question" (*see* 28 U.S.C.

//

//

//

1331), but they allege only one state law claim. The Plaintiffs' application to proceed *in forma pauperis* is DENIED.

Dated this 2nd day of August, 2013.

*Ronald B. Leighton*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

- 3 -